UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAIME SMITH,                        )
                                    )
         Plaintiff                  )
                                    )  **Case No.:**
     v.                             )
                                    )  **COMPLAINT AND DEMAND FOR**
NAVIENT SOLUTIONS, INC.,            )  **JURY TRIAL**
                                    )
         Defendant                  )

## COMPLAINT

JAIME SMITH ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against NAVIENT SOLUTIONS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Connecticut, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Weston, Connecticut 06883.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with an office located at 123 Justison Street, Suite 300, Wilmington, Delaware 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or before November 2013, and continuing through September 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant called Plaintiff on her cellular telephone, on average, once a day.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's automated messages stated, "This is Ashley calling from Navient."

17. Plaintiff knew that she was receiving automated calls and messages, as Defendant left voicemail messages on her cellular telephone that sounded like an automated recording as it was a computerized voice, not the voice of a real person.

18. Defendant's telephone calls were not made for "emergency purposes."

19. In November 2013, Plaintiff revoked her consent that she had previously given to Defendant to place telephone calls to her cellular telephone number, by telling Defendant to stop

calling her cellular telephone number.

20. Defendant heard and acknowledged Plaintiff's request to stop calling her cellular telephone.

21. Nevertheless, Defendant persisted in calling Plaintiff on her cellular telephone for the next two years.

22. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

23. Most recently, Defendant called Plaintiff on September 24, 2015.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

26. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff, after November 2013, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAIME SMITH, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAIME SMITH, demands a jury trial in this case.

                    RESPECTFULLY SUBMITTED,

                    JAIME SMITH,
                    By her Attorney,

                    */s/ Angela K. Troccoli*
                    Angela K. Troccoli, Esquire, Id# ct28597
                    Kimmel & Silverman, PC
                    *The New England Office*
                    136 Main Street, Suite 301
                    Danielson, CT 06239
                    (860) 866-4380- direct dial
                    (860) 263-0919- facsimile
                    atroccoli@creditlaw.com

Dated:  December  16, 2015

- 5 -

PLAINTIFF'S COMPLAINT